**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED

APR 1 8 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

AUSTIN KERR BRAME,

      Petitioner,

v.                        CASE NO. 2:11cv564

WENDALL W. PIXLEY, Warden,
St. Brides Correctional Center,

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

The petitioner, Austin Kerr Brame, pled guilty and was convicted in the Circuit Court of the City of Portsmouth of possession with the intent to distribute LSD, marijuana, and cocaine, and he was subsequently sentenced on October 2, 2007, to serve a term of twenty

years in prison, with five years suspended.  Brame did not appeal this conviction and sentence.

On September 2, 2009, Brame filed a petition for a writ of habeas corpus in the Circuit Court of the City of Portsmouth.  That court dismissed the petition on March 29, 2010.  Brame appealed this decision to the Supreme Court of Virginia, which summarily refused his petition for appeal on November 1, 2010.

## B. The Instant Petition

On October 19, 2011, while in the custody of the Virginia Department of Corrections at St. Brides Correctional Center, Brame filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and an appendix in support.[1]  ECF No. 1.  On November 21, 2011, the respondent filed his Rule 5 Answer and a motion to dismiss accompanied by a supporting brief. ECF Nos. 5-7.  On December 19, 2011, the petitioner filed his response to the respondent's answer and motion to dismiss.  ECF No. 12.

## C. Grounds Alleged

The petition asserts that Brame is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a)  Ineffective assistance of counsel, based on his trial attorney's failure to move to suppress a search warrant and any evidence obtained as a result of that search

---

[1] The Court notes that Brame is represented by counsel.

- 2 -

warrant, as well as trial counsel's failure to obtain or reveal to Brame certain allegedly exculpatory information regarding the reliability of a confidential informant upon whose statement the search warrant was purportedly based; and

(b) Ineffective assistance of counsel, based on his trial attorney's failure to withdraw or otherwise disclose a conflict of interest arising from his concurrent representation of Brame and a confidential informant upon whose statement the search warrant was purportedly based.

Brame asserted both claims in his state habeas petition. Both claims were denied on the merits by the Circuit Court of the City of Portsmouth, and Brame's appeal to the Supreme Court of Virginia was summarily refused.

## II. ANALYSIS

The Court does not reach the merits of Brame's claims because the petition is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, id. at § 2244(d)(1), and the circumstances in which the limitation period may be tolled, id.

- 3 -

§ 2244(d)(2).

## 1. Calculation of the Applicable Limitation Period

The AEDPA provides that:

The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ordinarily, the limitation period for filing a federal habeas corpus petition commences when the petitioner's conviction becomes final.  See 28 U.S.C. § 2244(d)(1)(A).  In this case, however, the petitioner argues that the limitation period did not commence until much later, when he discovered the factual predicate underlying his claims after filing his state habeas petition.

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitation period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise

- 4 -

of due diligence." 28 U.S.C. § 2244(d)(1)(D). Pursuant to this provision, the limitation period "commences when the factual predicate 'could have been discovered,' not when it was actually discovered by a given petitioner." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); see also Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004); Carter v. Virginia, No. 3:09cv121, 2010 WL 331758, at *3 (E.D. Va. Jan. 26, 2010). Moreover, the relevant inquiry is "when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their [sic] legal significance." McKinney v. Ray, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008); see also Owens, 235 F.3d at 359; Johnson v. Polk, No. 1:07cv278, 2008 WL 199728, at *3 (M.D.N.C. Jan. 22, 2008); Phillips v. Spencer, 477 F. Supp. 2d 306, 311 (D. Mass. Jan. 24, 2007).

The petitioner suggests that "Brame first discovered the factual predicate underlying this conflict claim during state habeas." Pet'r's Resp. 1 (emphasis added), ECF No. 12. Specifically, the petitioner contends that he lacked the factual predicate to assert his claims until he received a copy of an "Informant Briefing" in connection with his state habeas proceedings, in which an erstwhile confidential informant identified the petitioner by name as his source for narcotics. Id. at 2; see also Pet. app. 3, ECF No. 1 attach. 1. The petitioner does not state the date when he received this "Informant Briefing," but instead

- 5 -

relies on the fact that its disclosure occurred after the filing of
his state habeas petition on September 2, 2009.  Because the
limitations period was tolled pursuant to § 2244(d)(2) while his
state habeas petition remained pending, the petitioner argues that
his federal habeas petition, filed 352 days after his state habeas
petition was dismissed on appeal by the Supreme Court of Virginia,
was timely filed.

But the petitioner overstates the importance of the "Informant
Briefing" to the assertion of his claims.  The claims asserted by
the petitioner in this federal habeas petition are identical to those
asserted in the earlier state habeas proceedings.[2]  In support of his

---

[2] In his federal petition, the petitioner asserts that:

Mr. Brame was denied his 6th Amendment right to the
effective assistance of counsel and his 5th and 14th
Amendment rights to Due Process of law in that:  1)
Trial attorney Levin failed to either withdraw from
the case or inform Mr. Brame or the trial court that
he concurrently represented Brame and confidential
informant William Daughtrey and that his concurrent
representation of both of them constituted a conflict
of interest and prejudiced Mr. Brame.  2) Trial
attorney Levin failed to move to suppress the search
warrant and fruits thereof by alleging that the
search warrant was issued on less than probable
cause, and failed to reveal to Mr. Brame exculpatory
information that would have tended to impeach the
alleged reliability of the confidential informant
(Daughtrey) upon whose information the search
warrant relied.

Pet. 19, ECF No. 1.  In his state petition, the petitioner asserted
that:

The Petitioner was denied his 6th Amendment (federal)
Constitutional Rights to Effective Assistance of

- 6 -

state habeas petition, the petitioner submitted an affidavit in which he set forth all material facts supporting his claims, including the confidential informant's name and the fact that the petitioner's trial attorney represented the petitioner and the confidential informant concurrently.    Pet.  app.  173-77,  ECF  No.  5. Significantly, based on the facts then known to him and without the benefit of the subsequently disclosed "Informant Briefing," the petitioner's affidavit unequivocally identified William Daughtrey as "the only person" who could have been the confidential informant. Id. at 173 (emphasis in original).   At best, the "Informant Briefing"

---

> Counsel and his 5th & 14th Amendment (federal)
> Constitutional Rights . . . to Due Process of Law,
> in that: . . .   Trial counsel Levin failed to inform
> the Petitioner that he concurrently represented
> William L. Daughtrey, and that his concurrent
> representation of William L. Daughtrey constituted
> a conflict and a prejudice to the Petitioner. . . .
> Trial counsel Levin failed to inform the Trial Court
> that he concurrently represented William L.
> Daughtrey, failed to move to withdraw from
> representing the Petitioner, and that his concurrent
> representation of William L. Daughtrey constituted
> a conflict and a prejudice to the Petitioner. . . .
> Trial counsel Levin failed to move to suppress the
> search warrant and fruits thereof (e.g. seized drugs
> and Petitioner's post-arrest statements) by alleging
> that the search warrant was issued on less than
> probable cause, for which no good faith exception
> existed, and Levin failed to reveal to Petitioner (or
> obtain from the Commonwealth, if not known) known
> material exculpatory information that would have
> tended to impeach the alleged reliability of the
> confidential informant upon whose information the
> search and arrest warrants relied.

Pet. app. 139-40, ECF No. 1 attach 4.

is cumulative to the facts already known to the petitioner at the time when he prepared and filed his state habeas petition.

Based on the affidavit submitted by the petitioner in his state habeas proceedings, it is clear that he learned most, if not all, of the material facts underlying his claims from his state habeas counsel as some point in 2008.  See id. at 174-75 (stating that it was "[n]ot until 2008" that the petitioner first learned certain key facts underlying his habeas claims).  But even allowing for the subsequent discovery of additional material facts, the complete factual predicate of the petitioner's habeas claims was known to the petitioner, or could have been discovered through the exercise of due diligence, no later than the date when the affidavit in support of his state habeas petition was executed.  That affidavit was executed by the petitioner on July 28, 2009.  Id. at 177.

Thus, pursuant to 28 U.S.C. § 2244(d)(1)(D), and absent any applicable tolling period, Brame had until July 28, 2010, to timely file his federal petition for a writ of habeas corpus.

## 2. **Statutory Tolling**

A person in state custody may toll the running of the limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).  Brame filed a petition for a writ of habeas corpus with the Circuit Court of the City of Portsmouth on September 2, 2009, which was subsequently denied on February 29, 2010.  Brame

- 8 -

appealed that decision to the Supreme Court of Virginia, which denied his petition for appeal on November 1, 2010.    Therefore, the limitation period was tolled for a period of 425 days while state collateral review was pending.

When Brame filed his state habeas petition, thirty-six days had passed since he had prepared and executed the affidavit setting forth the factual predicate of his claims.   Upon denial of his state habeas petition, the limitation period began to run again for an additional period of 329 days (one year less thirty-six days), ending on September 26, 2011.   Brame filed the instant petition on October 19, 2011, twenty-three days later.

Accordingly, the instant petition is time-barred unless there are grounds for equitable tolling of the statute of limitations.

### 3. Equitable Tolling

In addition to a period of statutory tolling, the petitioner may be entitled to equitable tolling of the statute of limitations. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Moreover, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.

- 9 -

2000). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. Pace, 544 U.S. at 418.

With respect to equitable tolling, the petitioner suggests, in conclusory fashion, that "he has not delayed in bringing [his claims] to the courts," and that "[h]e should not be punished because of the efforts of others to keep the claim[s] hidden." Pet'r's Resp. 5-6, ECF No. 12. But, as noted above, the factual predicate of the petitioner's claims has been known to him since July 28, 2009, at the latest, and possibly as early as some time in 2008. Any delay after that date is chargeable to the petitioner alone, as he identifies no external circumstances that prevented him from filing within the limitations period.

The only other argument for equitable tolling advanced by the petitioner is that his claims should not be barred by the statute of limitations because they have clear merit. But "[t]he 'extraordinary circumstances' standard [for equitable tolling] focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y for Dep't of Corrs., 259 F.3d 1310, 1314-15 (11th Cir. 2001). The underlying merits of the petitioner's claims are simply not relevant to whether extraordinary circumstances exist to justify the late filing of a federal habeas petition. Id.

Accordingly, the petitioner has failed to demonstrate that he is entitled to any period of equitable tolling.

### III. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Brame's

petition for a writ of habeas corpus (ECF No. 1) be DENIED, that the respondent's motion to dismiss (ECF No. 5) be GRANTED, and that all of Brame's claims be DISMISSED WITH PREJUDICE.

Brame has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV. REVIEW PROCEDURE

By copy of this report, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2)

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely

- 11 -

objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 18 , 2012

- 12 -

CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Jonathan P. Sheldon, Esq.
Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, Virginia 22030

Donald E. Jeffrey, III, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

April  18 , 2012

- 13 -