UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
                                FILED
                              JUN 1 2012
                           CLERK, US DISTRICT COURT
                                NORFOLK, VA
```

AUSTIN KERR BRAME,

    Petitioner,

v.                                         Case No.: 2:11cv564

WENDALL W. PIXLEY, Warden,
St. Brides Correctional Center,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of the City of Portsmouth, Virginia, for possession with the intent to distribute LSD, marijuana, and cocaine, as a result of which he was sentenced to serve a term of twenty years in prison, with five years suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on April 18, 2012, recommending that the petition be denied and dismissed with prejudice. ECF No. 13. By copy of the report, each party was

advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On May 2, 2012, the Court received and filed the petitioner's written objections. ECF No. 14. The respondent has filed no response to the petitioner's objections.

First, the petitioner has objected to the magistrate judge's finding that the one-year limitation period began to run no later than July 28, 2009, the date when the petitioner executed an affidavit in support of his state habeas petition. The magistrate judge noted that the instant federal habeas petition raises the very same conflict of interest issue as asserted in his prior state habeas petition and affidavit in support. While the record suggests that the petitioner may have learned of the vital facts underlying his claim as early as sometime in 2008, the magistrate judge found that, at the very latest, the complete factual predicate of his habeas claims was known to the petitioner, or could have been discovered through the exercise of due diligence, by the date when his affidavit in support of his state habeas petition was executed.

Meanwhile, the petitioner argues that the factual predicate of his claims was not known to the petitioner, and could not have been discovered, until he received a copy of an "Informant Briefing" from the respondent during his state habeas proceedings. This "Informant Briefing" confirmed the identity

of the confidential informant who identified the petitioner as his source for drugs, and it confirmed that the petitioner's defense attorney represented both the petitioner and the informant in criminal proceedings at the same time. But "the factual predicate of a petitioner's claims constitutes the <u>vital facts</u> underlying those claims," as distinguished from the broader province of "evidence that might support his claims." <u>McAleese v. Brennan</u>, 483 F.3d 206, 214 (3d Cir. 2007) (internal quotation marks omitted) (emphasis added). The petitioner is "confusing his knowledge of the factual predicate of his claim[s] with the time permitted for gathering evidence in support of [those] claim[s]." <u>Flanagan v. Johnson</u>, 154 F.3d 196, 199 (5th Cir. 1998); see also <u>Johnson v. McBride</u>, 381 F.3d 587, 589 (7th Cir. 2004) ("A desire to see more information in the hope that something will turn up differs from 'the factual predicate of [a] claim or claims' for purposes of § 2244(d)(1)(D)."). "Section 2244(d)(1)(D) does not convey a statutory right to extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." <u>Flanagan</u>, 154 F.3d at 199; <u>McKinney v. Ray</u>, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008) (quoting <u>Flanagan</u>).

The petitioner's July 28, 2009 affidavit reveals knowledge of all the vital facts underlying his claims: he had already

deduced the identity of the confidential informant who named him as his source for drugs, and he already knew that his defense attorney had represented both the confidential informant and the petitioner concurrently. See McAleese, 483 F.3d at 214. The "Informant Briefing" amounts to nothing more than additional evidence in support of that claim. See id. Accordingly, this objection by the petitioner is OVERRULED.

Second, the petitioner has objected to the magistrate judge's finding that he is not entitled to equitable tolling. The petitioner once again refers to the underlying merits of his claims, arguing that his claims should not be barred by the statute of limitations because they have clear merit. But, as the magistrate judge noted, the underlying merits of the petitioner's claims are simply not relevant to whether extraordinary circumstances exist to justify the late filing of a federal habeas petition. Helton v. Sec'y for Dep't of Corrs., 259 F.3d 1310, 1314-15 (11th Cir. 2001). Moreover, the Court notes that a litigant seeking equitable tolling bears the burden not only of establishing "that some extraordinary circumstance stood in his way," but also "that he has been pursuing his rights diligently." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Under long-established principles, [a] petitioner's lack of diligence precludes equity's operation." Id. at 419.

The petitioner's state habeas petition, raising the very

- 4 -

same claims, was dismissed on November 1, 2010. He waited 352 days—nearly a year—to file his federal habeas petition on October 19, 2011. This petitioner's "languid pursuit of his claims after learning that his state habeas proceedings were concluded precludes a finding of diligence." Hardy v. O'Brien, No. 3:09cv183, 2010 WL 724022, at *3 (E.D. Va. Mar. 2, 2010) (federal habeas petition filed six months after state habeas proceedings concluded); see also Pace, 544 U.S. at 419 (federal habeas petition filed five months after state post-conviction relief proceedings concluded). Accordingly, this objection by the petitioner is OVERRULED.

The petitioner has not articulated any other objections.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on April 18, 2012 (ECF No. 13), and it is, therefore, ORDERED that the respondent's motion to dismiss (ECF No. 5) be GRANTED, and that the petition (ECF No. 1) be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this final order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30)

- 5 -

days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 31, 2012